**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**WAYNE GILMORE**                                                    **CIVIL ACTION**

**VERSUS**                                                                   **NO. 13-37**

**ELMWOOD SOUTH, L.L.C.**                                      **DIVISION "3"**

**ORDER**

Before the Court is Plaintiff's Motion for Attorneys' Fees and Related Expenses.  [Doc. #40].  The motion is opposed.  [Doc. #44].  For the reasons set forth below, IT IS ORDERED that Plaintiff's Motion for Attorneys' Fees and Related Expenses [Doc. #40] is GRANTED IN PART and that order and judgment issue awarding attorneys' fees and costs to plaintiff in the amount of **$46,825.69**.

**I.      BACKGROUND**

On January 8, 2013, plaintiff Wayne Gilmore sued Elmwood South, L.L.C. ("Elmwood"), the owner of the Elmwood Shopping Center (the "Property"), alleging that Elmwood violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*  Gilmore alleged that Elmwood failed to reasonably accommodate his disabilities.  Gilmore is a paraplegic who requires a wheelchair to ambulate.  Specifically, he alleged that he suffered discrimination by encountering various architectural barriers at the Property, which hindered his access to stores.

In December 2013, the parties reached a tentative settlement agreement, and, to reduce their agreement to writing, moved for a stay, which the District Court granted until February 2, 2014.  [Doc. #29].  The District Court then extended the stay indefinitely.  [Doc. #31].  In March 2014, the

parties consented to proceed before the undersigned.  [Doc. #32].  On July 10, 2014, this Court held

a settlement conference at which the main demand between Gilmore and Elmwood settled.  [Doc.

#36].  This Court also issued a briefing schedule as to the only dispute left, that of attorneys' fees

and costs.  [*Id.*].  Gilmore has now filed his motion for summary judgment, Elmwood has filed its

opposition, followed by a reply and a sur-reply.  Having reviewed the pleadings and the case law,

the Court rules as follows.

## II.  ANALYSIS

### A.    The Lodestar Approach

Gilmore seeks $55,476.50 in attorneys' fees.[1]  The United States Supreme Court and the Fifth

Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary

litigation.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of*

*La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir.1990).  A court's discretion in

fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*,

it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the

amount chosen is clearly erroneous.  *Hopwood v. State of Texas*, 236 F.3d 256, 277, n.79 (5th Cir.

2000);  *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its

reasons for the fee award, making subsidiary factual determinations regarding whether the requested

hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary,

---

[1]    This amount of fees was modified in the reply brief.

or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39, 103 S.Ct. at 1941-43; *Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc*., 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir. 1992).

### 1.   Reasonable Hourly Rates

This Court must first determine if the hourly rates of $300.00/hour for Louis I. Mussman, $275.00/hour for M. Ryan Casey, and $300.00/hour for Brian Ku, sought by Ku & Mussman, PA, are reasonable given counsel's ability, competence, experience, and skill. Ku & Mussman, PA is a law firm in Miami, Florida, and Mussman was admitted *pro hac vice* by the District Court. Ku was not. Casey is admitted to practice in Louisiana. Mussman and Ku are partners with approximately thirteen (13) years of experience, and Casey is a partner with approximately nine (9) years of experience. It is well-established law that "[h]ourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that 'lions at the bar may

command.'" *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000) (quoting *Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990) (internal quotation marks and citation omitted)).  All three attorneys reduced their out-of-state hourly rates in an effort to comply with their understanding of the prevailing market rates in this district.

Under the following case law, the Court finds that the aforesaid hourly rates are at the higher end of the range of the market rate in this area.  *See, e.g., Alexander v. Ace Ins. Co.*, Civ. A. No. 14-310, 2014 WL 4163756 (E.D. La. Aug. 19, 2014) (sanctioning $250/hour for attorney with ten years experience and $200/hour for attorney with four years experience); *Cox. v. Precision Surveillance Org.*, Civ. A. No. 13-6600, 2014 WL 1785350 (E.D. La. May 5, 2014) (sanctioning $275.00/hour for attorney with ten years experience); *Barrack v. Pailet, Meunier & LeBlanc, L.L.P.*, Civ. A. No. 12-2716, 2013 WL 6198861 (E.D. La. Nov. 27, 2013) (approving $250/hour for attorney with 24 years experience); *Cole v. Orleans Parish Sheriff's Office*, Civ. A. No. 11-2211, 2013 WL 5557416 (E.D. La. Oct. 8, 2013) (reducing hourly rates from $300/hour to $275/hour for attorney with 34 years experience and from $300/hour to $250/hour for attorney with 29 years experience); *Foley v. SAFG Retirement Servs., Inc.*, Civ. A. No. 10-2827, 2012 WL 956499 (E.D. La. Mar. 20, 2012) (reducing hourly rates from $450/hour to $350/hour for attorney with 30 years experience and from $300/hour to $275/hour for attorney with eight years experience); *Constr. Courht, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2001 WL 3882271 (E.D. La. July 29, 2011) (approving $350/hour for partners with 30 and 36 years experience); *Entergy La., L.L.C. v. The Wackenhut Corp.*, Civ. A. No. 09-7367, 2010 WL 4812921 (E.D. La. Nov. 17, 2010) (awarding $175.00/hour to attorney with 16 years of experience); *Wilson v. Tulane Univ.*, Civ. A. No. 09-7451, 2010 WL 3943543 (E.D. La. Oct. 4,

2010) (awarding $250.00/hour and $160.00 hour to attorneys with 25 and four years experience respectively); *Gulf Coast Facilities Mgmt, L.L.C. v. BG LNG Servs., L.L.C.*, Civ. A. No. 09-3822, 2010 WL 2773208 (E.D. La. July 13, 2010) (awarding $300.00/hour to attorneys with 17 years experience and $180.00/hour and $135.00/hour to attorneys with seven years and two years experience respectively); *Hebert v. Rodriguez*, Civ. A. No. 08-5240, 2010 WL 2360718 (E.D. La. June 8, 2010) (awarding $300.00/hour to attorney with 33 years of experience); *Belfor USA Group, Inc. v. Bellemeade Partners, L.L.C.*, Civ. A. No. 09-158, 2010 WL 6300009 (E.D. La. Feb. 19, 2010) (awarding $210.00/hour, $250.00/hour and $180.00/hour to attorneys with 20, ten and four years experience respectively); *Marks v. Standard Fire Ins. Co.*, Civ. A. No. 09-1947, 2010 WL 487403 (E.D. La. Feb. 3, 2010) (awarding $185.00/hour to attorney with seven years of experience); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696 (E.D. La. 2009) (awarding $300/hour for partners, $225/hour for associates, and $75/hour for paralegals); *Creecy v. Metro. Prop. & Cas. Ins., Co.*, 548 F. Supp. 2d 279, 285 (E.D. La. 2008) (Roby, M.J.) (sanctioning $175/hour for associate with five years experience); *Orrill v. Mortgage Elec. Registration Sys., Inc.*, Civ. A. No. 06-10012, 2009 WL 4861994, at *3 (E.D. La. Nov. 7, 2008) (Roby, M.J.) (sanctioning $150/hour for associate with four years experience).

Considering the prevailing market rates in the Greater New Orleans area, and the reasonable fees set by the courts in this district, the Court finds that $275.00 per hour is a reasonable rate for the services of Mussman and Ku and $250.00 per hour is a reasonable rate for the services of Casey.

With regard to Ku, however, the Court is more circumspect. The Court's review of the case law reveals that the issue of whether a court may award fees to an attorney from outside a district

who is not admitted *pro hac vice* has created what appears to be a circuit split.  *Compare Priestley v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011) (holding that the Equal Access to Justice Act "authorizes the plaintiffs to receive reimbursement for work performed by an attorney, regardless of whether the attorney performing the work is admitted to practice or not." *to Shapiro v. Paradise Valley Unified School Dist. No. 69*, 374 F.3d 857, 862 (9th Cir. 2004) (affirming district court's award of attorneys' fees only from date of attorney's admission *pro hac vice*), *and Idaho Sporting Congress, Inc. v. Alexander*, 23 Fed. Appx. 713, 714 (9th Cir. 2001) ("Failure of ISC counsel to properly and timely secure *pro hac vice* admission before the district court was a sufficient reason to deny ISC's application for attorneys' fees . . . .").

While the Court recognizes that Ku seeks fees for only 11.4 hours, and the Court is reticent to make a mountain out of a molehill, the Court notes that the District Court never admitted Ku to practice *pro hac vice* in this district.  That absence of *pro hac vice* status gives the Court pause.  *Pro hac vice* rules exist for a reason: To ensure that an attorney is eligible and qualified to practice law in this district.  Without filing a motion for admission *pro hac vice* with the proper supporting documentation, this Court can not conclude that Ku was *ever* qualified to practice law here.  Accordingly, the Court denies any request for fees by Ku.  *See Fund for Louisiana's Future v. La. Bd. of Ethics*, Civ. A. No. 14-368 (E.D. La.), Doc. #52 (rejecting fees by attorney not admitted *pro hac vice* in the Eastern District of Louisiana).

Concerning the hourly rate of paralegal Reyna Sarmiento, the Court finds that the requested rate of $90.00/hour is reasonable. *See Spectrum Commc'n Specialists, L.L.C. v. KMJ Servs., Inc.*, Civ. A. No. 09-159, 2009 WL 4163524 (E.D. La. Nov. 23, 2009) (sanctioning $90/hour for

paralegals); *Collins v. Sanderson Farms*, 568 F. Supp. 2d 714, 728 (E.D. La. 2008) (awarding $95/hour for paralegals).   Accordingly, and under the case law from this district, the Court awards Sarmiento $90.00 per hour.

### 2.    Reasonable Hours Expended

Plaintiff seeks fees for the following hours: 150 hours for Mussman; 11.4 hours for Ku; 18.1 hours for Casey; and 23.1 hours for Sarmiento.[2]  To calculate the lodestar, the Court must determine whether the number of hours that defense counsel expended was reasonable.  The burden of proving the reasonableness of the hours expended is on the fee applicant.  *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001).  As a general proposition, all time that is excessive, duplicative, and/or unproductive should be excised from any award of attorney's fees.  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards.  *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).   The fee seeker's attorneys "are charged with proving that they exercised billing judgment."  *Id.* at 770.  When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.

This Court has reviewed line by line the billing statements submitted on behalf of Gilmore's counsel and finds that counsel has exercised billing judgment here.  Specifically, counsel has reduced and even at times struck hours that are duplicative, vague, and even paralegal time spcnt

---

[2]    The amount of hours was also modified in the reply brief.

on administrative tasks.  Generally, the time sheets represent that counsel participated in discovery, corresponded extensively with their client and opposing counsel concerning settlement, filed pleadings (*i.e.*, the complaint, the motion to compel, and a motion to stay), and drafted all of the pleadings related to the motion for attorneys' fees and costs.   It appears that counsel for Gilmore has learned their lesson.  *See, e.g., Brown v. Green 317 Madison, L.L.C.*, No. 11 CV 4466, 2014 WL 1237488 (E.D.N.Y. Feb. 4, 2014) (reducing this law firm's fee award by a percentage for failing to strike duplicative and vague entries).

While defendant complains of all of the hours expended with regard to the motion for attorneys' fees, it is well-settled law that a party may recover such fees.  *See, e.g., Villanueva-Gonzalez v. Grainger Farms, Inc.*, No. 2:09-cv–716, 2011 WL 5834677 (M.D. Fla. Aug. 9, 2011) (awarding attorneys' fees for time expended drafting motion to recover such fees but reducing them after finding them excessive); *cf. Cruz v. Hauck*, 732 F.2d 1230, 1233 (5th Cir. 1995) ("It is settled that a prevailing plaintiff is entitled to attorney's fees for the effort entailed in litigating a fee claim and securing compensation.") Indeed, this is a hotly-contested dispute.   Both parties filed memoranda 25 pages in length,[3] and Gilmore filed a reply, and defendant filed a sur-reply.

Indeed, the record reflects that counsel spent 76.8 hours with respect to the fee motion. This time included legal research on a number of matters, the drafting of a 25-page fee brief, a 40-page joint declaration, hundreds of pages of evidence, two different cost submissions (28 U.S.C. § 1920 and 42 U.S.C. § 12205), preparing and analyzing their time to conform with Fifth Circuit

---

[3]     Along with supporting documentation, Gilmore's motion totaled 539 pages.

requirements, various ancillary filings, working with outside counsel to prepare an affidavit as to hourly rates, reviewing and evaluating defendant's 25-page opposition to the fee petition, and drafting his reply brief.  The Court has no doubt that both sides spent considerable time with regard to this dispute.

Similar to its argument that Gilmore should not recover for all of the time expended on the motion for attorneys' fees is defendant's argument that no fees should be awarded for any hours expended after December 2013, the month in which defendant alleges that this lawsuit settled.  The foregoing paragraph responds to this argument in part.  In addition, this Court's memory of settlement differs from that of defendant.  On July 10, 2014, this Court held an hour-long settlement conference after which the parties settled.  Had the parties truly settled in December 2013, said settlement conference and any prior and subsequent correspondence with opposing counsel would not have been necessary.  Moreover, this Court does not remember that the parties had a firm meeting of the minds when they arrived in chambers on July 10, 2014.  Only afterward had the parties truly settled.  Accordingly, the Court finds that the hours expended after December 2014 were reasonable and necessary to the resolution of this lawsuit.

The Court further finds that the hours of Sarmiento are reasonable.  In the joint affidavit submitted by counsel in support of the fee application [Doc #40-2], counsel attests that they already reduced Sarmiento's hours as they excluded all time spent performing administrative tasks. "Paralegal work can only be recovered as attorney's fees if work is legal rather than clerical." *Vela v. City of Houston,* 276 F.3d 659, 681 (5th Cir. 2001) (citing *Allen v. U.S. Steel Corp.*, 665 F.2d

689,697 (5th Cir. 1982)).  This adjustment is reflected on the billing statements.[4]

Multiplying the adjusted hourly rates by the reasonable – at this moment – hours expended, this yields a lodestar amount of $47,854.00.  However, and for the reasons outlined below, this is not to say that the Court approves this amount of fees.

### 3.    The *Johnson* Factors

The Court must next consider whether the lodestar calculation should be adjusted upward or downward, depending on the circumstances of the case and the factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974).  *See Green*, 284 F.3d at 661; *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir. 1987).  The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

Gilmore contends that no adjustment is warranted here.  Defendant contends – in a

---

[4]    There is also much discussion in both parties' memoranda concerning the alleged intransigence of both sides during the discovery phase and during the settlement negotiations.  Both sides appear to think that the other side should have simply laid down its sword and surrendered.  But that is not the way the practice of law works.  This Court can not fault each side for zealously representing their clients.  This Court has reviewed the record and sees no evidence of unprofessionalism that would bear on its analysis here.

paragraph-long argument at the end of its opposition – that at least the first *Johnson* factor warrants an adjustment.  For the following reasons, the Court finds that the *Johnson* factors warrant a downward adjustment.

This Court has searched the nation-wide Pacer internet website and Westlaw and has discovered that – as defendant puts it – "[t]his is not Plaintiff's counsel's first rodeo."  This law firm has acted as lead counsel in hundreds of ADA cases throughout the country.  As defendant notes, Mussman has represented Christopher E. Brown in approximately 111 Title III ADA actions against public accommodations in New York, Pennsylvania, Connecticut, and New Jersey since 2006.  [Doc. #42, Ex. C at p. 81].  Gilmore himself has filed 13 lawsuits in Louisiana federal courts and has retained Mussman & Ku, PA to represent him in the majority of them.  [Doc. #44, Ex. B].

This Court has reviewed the complaints and the pleadings in a majority of the other lawsuits and finds them to be nearly identical to the ones filed here.  For example, while the alleged violations may be slightly different in each case, the complaints are essentially – as defendant notes – "cut-and-paste" complaints.  In addition, these are all Title III ADA claims, and the law in each is the same.  Moreover, the Court has reviewed several motions for attorneys' fees, and while there are differences, the majority of the law in each motion is identical, thus rendering much of the legal research largely unnecessary.  And the results obtained were largely through settlement, as outlined above.  No protracted litigation was involved.

Accordingly, and for the reasons outlined above, the Court finds that the following *Johnson* factors warrant a downward adjustment: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the

preclusion of other employment by the attorney due to acceptance of the case, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, and (12) awards in similar cases.  Accordingly, this Court will reduce the above-calculated lodestar amount by twenty-five (25) per cent after application of the *Johnson* factors. *See, e.g., Hilton v. Exec. Self Storage Assoc., Inc.*, Civ. A. No. H-06-2744, 2009 WL 17500121, at *16 (S.D. Tex. June 18, 2009) (reducing lodestar by percentage amount after application fo the *Johnson* factors).  This yields a final amount of $38,283.20 in attorneys' fees.

### B.    Costs

Gilmore seeks costs and litigation expenses in the amount of $8,542.29 under 28 U.S.C. § 1920 and 42 U.S.C. § 12205.  Defendant does not contest the costs.

### 1.    Section 1920

Gilmore seeks $634.50 in costs under Section 1920.  Costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs.  Fed. R. Civ. P. 54(d).  Section 1920 provides that a prevailing party may recover the following costs:

(1)    Fees of the clerk and marshal;
(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)    Fees and disbursements for printing and witnesses;
(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)    Docket fees under section 1923 of this title;
(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6). A court may award only those costs specified in Section 1920 unless there

is explicit statutory or contractual authority to the contrary. *Mota v. Univ. of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir.2001). Allowable costs are limited to these categories, and expenses that are not authorized by statute must be borne by the party incurring them. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Plaintiff seeks $450.00 as fees of the clerk, $80.00 as fees for service, and $104.50 as fees and disbursements for printing. Gilmore has attached the receipts for all of the payments and the Declaration of Mussman attesting to the necessity of the printing. [Doc. #40-14, Ex. J]. Under Section 1920, the Court will allow these costs.

### 2. Section 12205

Generally, the prevailing plaintiff in a civil rights action is entitled to recover its reasonable litigation expenses under Section 12205. A court in the Fifth Circuit has described it as follows:

> The ADA authorizes a court to award attorneys' fees, litigation expenses, and costs to a prevailing party. See 42 U.S.C. § 12205; 28 C.F.R. § 35.175. The preamble to the ADA states that "[l]itigation expenses include items such as expert witness fees, travel expenses, etc." 28 C.F.R. Pt. 35, App. A, Section-by-Section Analysis, § 35.175; see also H.R. 101-485(III) at 73, reprinted in 1990 U.S.C.C.A.N. 445, 496 ("Litigation expenses include the costs of expert witnesses. This provision explicitly incorporates the phrase 'including litigation expenses' to respond to rulings of the Supreme Court that items such as expert witness fees, travel expenses, etc., be explicitly included if intended to be covered under an attorney's fee provision ."). Awarding expert witness fees to a party prevailing under the ADA is also supported by the ADA's legislative history. *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir.2002); *Hall v. Clausen*, 6 Fed. App'x. 655, 681 (10th Cir.2001) (noting incorporation of Civil Rights Act procedures into the ADA, including expert witness fees).

*Jones v. White*, Civ. A. No. 03-2886, 2007 WL 2427976, at *8 (S.D. Tex. Aug. 22, 2007). Whether under Section 1920 or 12205, when cost-seekers neglect to supply any verification that the costs

13

claimed were "necessarily incurred in the case" and instead state only that the costs were expended "in the preparation and litigation of this case," the district court does not abuse its discretion by denying all costs except filing fees. *Phetosomone v. Allison Reed Group, Inc.*, 984 F.2d 4, 9 (1st Cir. 1993); *accord Home Builders Ass'n v. City of Madison*, 191 F.R.D. 515, 517, 518, 519 (N.D. Miss. 1999) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991); *Studiengesellschaft Kohle v. Eastman Kodak*, 713 F.2d 128, 133 (5th Cir. 1983)); *see also* E.D. La. Loc. R. 54.3 (requiring "a certification that the items are correct and that the costs have been necessarily incurred.").   Under Section 12205, courts also allow an award of costs for Federal Express, electronic research, long-distance calls, printing, attorney-fee declarants, and computer-based research. *See Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1259 (10th Cir. 2005); *InvesSys, Inc. v. McGraw-Hill Cos., Ltd.*, 369 F.3d 16, 22 (1st Cir. 2004).

Here, Gilmore's counsel seeks $7,907.99 in litigation expenses accrued during the course of litigation. Specifically, Gilmore seeks $2,569.99 for attorney travel, $16.35 for electronic research,[5] $311.65 for expert travel costs, and $5,010.00 for expert fees. Gilmore has attached invoices to his motion to prove the costs. [Doc. #40-15, Ex. K].

And while defendant disputes the necessity of experts, the Court finds that the experts were necessary to the resolution of the lawsuit. On July 18, 2013, Gilmore's expert inspected defendant's property pursuant to Federal Rule of Civil Procedure 34 and produced a comprehensive 97-page expert report. Nicholas Heybeck (Gilmore's expert), a licensed engineer and accessibility specialist

---

[5]   The low cost of electronic research charges indirectly supports the Court's finding that much of the law here was recycled from earlier cases.

with years of experience reviewing properties for ADA compliance, confirmed over 100 ADA violations at the Property.  His report addressed each ADA violation in detail, cited the exact violated provision of the ADA, contained precise measurements showing noncompliance, and provided over 500 supporting photographs. [Doc. #40-10].   Additionally, Heybeck was involved in the settlement negotiations with defendant.  He reviewed defendant's comments to his barrier modification plan and helped Gilmore's counsel craft their response.  The Court does not find the retention of Heybeck unreasonable under these circumstances.

Under Section 12205 case law, Gilmore is entitled to recover these costs.  Accordingly, the Court will allow these costs.

## III.     Conclusion

Accordingly and for all of the above and foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees and Related Expenses [Doc. #40] is GRANTED IN PART in the amount of **$46,825.69** ($38,283.20 in attorneys' fees and $8,542.49 in costs and litigation expenses).

New Orleans, Louisiana, this 18th day of March, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

15